UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL H. VARTANIAN, <br> Plaintiff, <br> v. <br> THE STATE BAR OF CALIFORNIA, et al., <br> Defendants. | Case No. 5:18-cv-00826-EJD <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 16, 18, 24 |

Plaintiff Michael Vartanian ("Plaintiff") has sued The State Bar of California ("State Bar") and Northwestern California University School of Law ("Northwestern") (collectively "Defendants") pro se alleging that Defendants retaliated against him in violation of 42 U.S.C. § 12203 of the American with Disabilities Act ("ADA") and deprived him of procedural due process. Amended Complaint ("Am. Compl."), Dkt. No. 1. Presently before the Court are motions to dismiss filed by each Defendant (Dkt. Nos. 16, 18) and a motion for partial summary judgment filed by Plaintiff (Dkt. No. 24). For the reasons discussed below, the motion at Dkt. No. 16 is GRANTED, the motion at Dkt. No. 18 is GRANTED, and the motion at Dkt. No. 24 is DENIED.

**I. BACKGROUND**

According to the allegations in the Amended Complaint, Plaintiff is a former student of Northwestern, an unaccredited correspondence law school located in Sacramento, California. Am. Compl. ¶¶ 3, 4. As an unaccredited law school, Northwestern is subject to rules and guidelines set

forth by the State Bar for unaccredited law schools. *See* Declaration of Destie Overpeck ("Overpeck Decl."), Dkt. No. 16-1, Exs. A (Rules of the State Bar of California, Title 4, Division 3) and B (State Bar Guidelines for Unaccredited Law Schools). Under Rule 5.18, unaccredited law schools such as Northwestern "must adopt sound written scholastic standards and must as soon as possible identify and disqualify those students who have demonstrated they are not qualified to continue under these standards." *Id.*, Ex. A.

In September 2017, while Plaintiff was still attending Northwestern, the California Supreme Court invited comment on proposed rules of professional conduct submitted by the State Bar. *Id.* ¶ 8; *see also* Overpeck Decl., Ex. C.[1] One such rule was Proposed Rule 1.14, "Client with Diminished Capacity," which related to a lawyer's abilities to act on behalf of a client with significantly diminished capacity. *See* Am. Compl., Ex. 1, Dkt. No. 5-1; *see also* Overpeck Decl, Ex. F, at 6, 103-06.[2] On September 11, 2017, Plaintiff submitted a letter ("Letter") expressing that Proposed Rule 1.4 failed to comply with Title II of the ADA and related amendments. Am. Compl., Ex. 1, Dkt. No. 5-1. Plaintiff forwarded the Letter to the California State Legislature, which acknowledged receipt on November 27, 2017. Am. Compl. ¶ 9.

On February 4, 2018, Plaintiff was dismissed from Northwestern for poor academic performance. Am. Compl. ¶ 4. At that time, Plaintiff had completed three years of study in Northwestern's four-year program. *Id.* § 11.

In his Amended Complaint, Plaintiff blames the State Bar for his dismissal from Northwestern. *Id.* ¶¶ 9-10. Plaintiff alleges that, by forwarding the Letter to the California State Legislature, he initiated a 28 C.F.R. § 35.105(a)[3] self-evaluation process, where the State Bar was

---

[1] As discussed below, the Court does not judicially notice this document. The Court cites to it here for purely informational purposes. It does not rely on it in its analysis below.
[2] *See* note 1, *supra*.
[3] 28 C.F.R. § 35.105(a) provides that "[a] public entity shall, within one year of the effective date of this part, evaluate its current services, policies, and practices, and the effects thereof, that do not or may not meet the requirements of this part and, to the extent modification of any such services, policies, and practices is required, the public entity shall proceed to make the necessary modifications."

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

2

required to evaluate its practices and make necessary modifications. *Id.* ¶ 9. Plaintiff then alleges that the State Bar discovered Plaintiff was a law student and, "in its regulatory capacity, directed [Northwestern] to dismiss him." *Id.* ¶ 10. In doing so, Plaintiff asserts that the State Bar retaliated against him in violation of the ADA and also deprived him of due process. *Id.* ¶¶ 8-11.

Plaintiff initiated this lawsuit on February 7, 2018 and filed an Amended Complaint (the current operative complaint) the following day. Dkt. Nos. 1, 5. On February 28, 2017, the State Bar moved to dismiss. Dkt. No. 16. Roughly one week later, on March 8, 2018, Northwestern also moved to dismiss. Dkt. No. 18. On March 29, 2018, Plaintiff filed a motion for partial summary judgment on certain elements of his retaliation claim. Dkt. No. 24. All of these motions are currently pending before the Court.

## II. LEGAL STANDARD

### A. Dismissal Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges subject matter jurisdiction, and may be either facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial Rule 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Thus, it functions like a limited-issue motion under Rule 12(b)(6); all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B. Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Fed. R. Civ. P. 12(b)(6); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**C. Summary Judgment Under Federal Rule of Civil Procedure 56**

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc*., 198 F.3d 1130, 1134 (9th Cir. 2000).

The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the issue is one on which the nonmoving party must bear the burden of proof at trial, the moving party need only point out an absence of evidence supporting the claim; it does not need to disprove its opponent's claim. *Id*. at 325.

If the moving party meets the initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); *Celotex Corp*., 477 U.S. at 324. A "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986).

The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. *Id*. ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); *Thornhill Publ'g Co. v. GTE Corp*., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c).

"If the nonmoving party fails to produce enough evidence to create a genuine issue of

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

4

material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1103 (9th Cir. 2000). "But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Id.*

## III. DISCUSSION

### A. Request for Judicial Notice

State Bar requests that the Court take judicial notice of six documents, two of which relate to its rules and guidelines for unaccredited law schools and four of which relate to proceedings surrounding the proposed amendments (including Proposed Rule 1.14) which were the subject of Plaintiff's Letter. Req. for Judicial Notice ("RJN"), Dkt. No. 17. Although State Bar's motion to dismiss is not a motion for summary judgment and will not be converted into one, some of these documents are proper subjects for consideration at this stage.

Federal Rule of Evidence 201(b) permits the Court to judicially notice a fact that is not subject to reasonable dispute because it "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A request for judicial notice may be declined if the information submitted is not relevant to the matters before the Court. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (denying request for judicial notice, in part because information to be noticed did not bear on the "relevant issue" before the court).

On a motion to dismiss under Rule 12(b)(6), the Court may also consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). However, the Court cannot notice "facts that may be 'subject to reasonable dispute.'" *Id.* (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "More specifically, [the Court] may not, on the basis of evidence outside of the Complaint, take judicial notice of facts

favorable to Defendants that could reasonably be disputed." *Id*.

Exhibit A to the Overpeck Decl. is an excerpt from The Rules of the State Bar (Rules of the State Bar, Title 4, Div. 3) entitled "Admission and Educational Standards, Unaccredited Law School Rules." Exhibit B to the Overpeck Decl. is a copy of the State Bar's Guidelines for Unaccredited Law School Rules. Both are publicly available on the State Bar's website. As such, they meet the standards for admissibility under Rule 201 and State Bar's request will be GRANTED as to those documents.

Exhibits C, D, E, and F to the Overpeck Decl. all relate to proceedings surrounding the proposed amendments to the State Bar's rules of professional conduct. However, State Bar has not established that they come "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, although Plaintiff's Amended Complaint specifically references these proceedings, it does not specifically refer to any of these documents. Accordingly, these exhibits fall short of the standards for admissibility under Rule 201 and State Bar's request will be DENIED as to these documents.

### B. Defendants' Motions to Dismiss (Dkt. Nos. 16 and 18)

State Bar moves to dismiss on two grounds: (1) that, under Rule 12(b)(1), the Court lacks jurisdiction because the State Bar is immune to suit under the Eleventh Amendment; and (2) that, under Rule 12b)(6), Plaintiff has failed to plausibly allege his claims. Motion to Dismiss ("State Bar MTD"), Dkt. No. 16. Northwestern moves to dismiss under Rule 12(b)(6), raising many of the same issues as State Bar. Motion to Dismiss ("Northwestern MTD"), Dkt. No. 18. The Court addresses jurisdiction under the Eleventh Amendment and then turns to the adequacy of the claims.

#### i. Eleventh Amendment

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

6

U.S. Const. amend. XI. Accordingly, under the Eleventh Amendment, no state or its agencies may be sued in federal court without consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Nevertheless, the Supreme Court has recognized that Congress may, through its enforcement powers under § 5 of the 14th Amendment, abrogate Eleventh Amendment immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631, 640, 145 L. Ed. 2d 522 (2000). Whether Congress has validly abrogated Eleventh Amendment immunity is resolved by "two predicate questions: first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Id*.

Here, the State Bar, as an arm of the state, is entitled to Eleventh Amendment immunity. *See Hirsh v. Justices of the Sup. Ct. of Cal. et al.*, 67 F.3d 708, 712 (9th Cir. 1995); *see also, e.g.*, *Mirch v. Beesley*, 2009 WL 580709 at * 1 (9th Cir. Mar. 5, 2009); *Konig v. State Bar of Cal.*, 2007 WL 3332809 (9th Cir. Nov. 8, 2007). Thus, the question before the Court is whether Congress has abrogated Eleventh Amendment immunity in ways that permit Plaintiff's claims.

Plaintiff's Amended Complaint recites two causes of action: (1) a retaliation claim under Title V of the ADA, predicated on Title II; and (2) a claim for "denial of procedural due process," which the Court construes as a claim under 42 U.S.C. § 1983. The Court addresses the question of abrogation with respect to each in turn.

First, with respect to Plaintiff's ADA claim, it is undisputed that Congress unequivocally expressed its intent to abrogate Eleventh Amendment immunity in enacting the ADA. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation of this chapter"). Thus, the only question is whether it acted pursuant to a valid grant of constitutional authority.

The Supreme Court and Ninth Circuit have addressed this question with respect to

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

7

different portions of the ADA and have reached different conclusions for different provisions. In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 374 (2001), the Supreme Court held that Congress did not validly abrogate Eleventh Amendment immunity for claims under Title I of the ADA. In *Demshki v. Monteith*, 255 F.3d 986, 988-89 (9th Cir. 2001), the Ninth Circuit determined that, under the reasoning of *Garrett*, Congress did not validly abrogate Eleventh Amendment immunity for retaliation claims brought under Title V that were predicated on alleged violations of Title I. In *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004), however, the Supreme Court held that Congress had abrogated the states' Eleventh Amendment immunity with respect to Title II of the ADA, at least when a fundamental right like access to the courts was involved. *See Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) ("Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment"). Similarly, in *U.S. v. Georgia*, 546 U.S. 151, 159 (2006), the Supreme Court held that Congress had validly abrogated Eleventh Amendment immunity for suits under Title II of the ADA for conduct that actually violated the Fourteenth Amendment.

Plaintiff's first cause of action, a retaliation claim predicated on Title II, falls under none of these categories. As such, the Court is left without direct Supreme Court or Ninth Circuit authority as to whether Congress has abrogated Eleventh Amendment immunity for this type of claim. Nevertheless, the Court finds the Ninth Circuit's reasoning in *Demshki*, 255 F.3d at 988-89 instructive, and applies a parallel principle here: Congress validly abrogated Eleventh Amendment immunity for Plaintiff's retaliation claim to the same extent it validly abrogated the Title II violation on which it is predicated. Thus, abrogation turns on Plaintiff's predicate Title II violation.

Although it appears to be a question of first impression, the Court concludes that, under the best reading of *Lane*, Congress did not validly abrogate Eleventh Amendment immunity for the type of Title II violation that Plaintiff alleges here. In *Lane*, the Title II violation involved "the

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
8

fundamental right of access to the courts:" the respondents were wheelchair-bound paraplegics who claimed they were denied access to the state court system because, among other things, the lack of an elevator in the courthouse prevented them from appearing at hearings. *Lane*, 541 U.S. at 514-15. In assessing whether Title II was a valid exercise of Congress's § 5 enforcement power, the Court noted that "the right of access to the courts at issue in this case" fell within a class of "basic constitutional guarantees, infringements of which are subject to more searching judicial review." *Id*. at 522-23. The Court then concluded that, given Congress's findings that "many individuals, in many States across the country, were being excluded from courthouses and court proceedings by reason of their disabilities," Article II was a "congruent and proportional" exercise of Congress's § 5 enforcement power. *Id*.

This case is poles apart from *Lane*. Plaintiff's theory of retaliation is that, by sending a copy of his Letter (which expressed that Proposed Rule 1.14 did not comply with Title II and other ADA provisions) to the California State Supreme Court and the California State Legislature, he initiated a Section 35.105 proceeding against State Bar, and the State Bar retaliated by directing Northwestern to dismiss him from law school. Am. Compl. ¶ 10. Although the exact nature of the Title II violation which Plaintiff reported in his Letter is unclear, it falls far short of implicating a "fundamental right" such as "access to the courts." *Lane*, 541 U.S. at 533-34. Proposed Rule 1.4 relates to the ability of a lawyer to act on behalf of a client with significantly diminished capacity. *See* Am. Compl., Ex. 1. Thus, at most, Plaintiff's alleged Title II violation relates to the State Bar's oversight of a private relationship between an attorney and his client. Whether or not this is a Title II violation (a question which the Court doubts but does not decide), it at least suffices to observe that any potential deficiency in regulating the relationship between private individuals is substantially different from infringing the "fundamental right of access to the courts." *Lane*, 541 U.S. at 533-34. Accordingly, the reasoning of *Lane* does not apply in this case and, absent other authority, the Court will decline to find that Congress abrogated Eleventh Amendment immunity for Plaintiff's claim. Accordingly, Plaintiff's first claim against the State

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
9

Bar is barred and the Court lacks jurisdiction to proceed further.

Turning to Plaintiff's due process claim, the result here is settled: Congress did not abrogate Eleventh Amendment immunity for § 1983 claims. *See Kentucky v. Graham*, 473 U.S. 159, 169 n.17, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity"); *see also Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999) (same); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (same). Thus, Plaintiff's second claim against the State Bar is also barred and the Court lacks jurisdiction to proceed further.

In sum, because State Bar is protected by Eleventh Amendment immunity and Congress has not validly abrogated this immunity for either of Plaintiff's claims, Plaintiff's claims are barred. The Court lacks jurisdiction over these claims and State Bar's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED. Plaintiff's claims with respect to State Bar are DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND.

### ii. Failure to State a Claim

In addition to State Bar's Eleventh Amendment challenge, both Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) for failure to state a claim. Although the Court has already granted State Bar's motion on other grounds, Northwestern's motion remains.[4] The Court thus assesses the adequacy of Plaintiff's claims, taking each claim in turn.

### a. Retaliation Claim (Claim 1)

42 U.S.C. § 12203 provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." To establish a retaliation case based on

---

[4] The Court notes that its 12(b)(6) analysis is substantially similar between the two defendants. (The only difference is that, for State Bar, Plaintiff's due process claim also does not fail to meet the "by the government" element.) Thus, the Court's analysis in this section also serves as alternate grounds supporting dismissal of Plaintiff's claims against State Bar.

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

10

United States District Court
Northern District of California

this statute, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002); *Lucas v. Grainger, Inc.*, 257 F.3d 1249, 1260-61 (11th Cir. 2001); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999).

Plaintiff has failed to state a claim for retaliation under this rubric. First, Plaintiff has not alleged that "he engaged in a statutorily protected expression." As discussed above, Plaintiff's theory of retaliation is that, by sending his Letter to the California State Legislature, he "presumably . . . initiated a 28 C.F.R. § 35.105(a) self-evaluation process." Am. Compl. ¶ 9. This theory fails as a matter of law. By the plain text of Section 35.105(a), self-evaluation is triggered by the regulation itself. 28 C.F.R. § 35.105(a) ("A public entity *shall, within one year of the effective date of this part*, evaluate its current services, policies, and practices, and the effects thereof . . . .") (emphasis added). Plaintiff points to no law and alleges no facts that plausibly suggest that the action of a private citizen could also trigger this evaluation process. Accordingly, Plaintiff has failed to allege that "he engaged" in this activity.

Further, even if Plaintiff could have alleged that he initiated a 28 C.F.R. § 35.105(a) self-evaluation process, his theory fails for a second reason: there is no "protected activity." For an activity to qualify as "protected," a person must have opposed an act or practice made unlawful by the ADA, or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the ADA. 42 U.S.C. § 12203(a). For example, a protected activity could range from filing formal charges to voicing informal complaints to superiors. *See Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1015 (10th Cir. 2004).

Applying these principles here, triggering a 28 C.F.R. § 35.105(a) self-evaluation process (notwithstanding its legal impossibility discussed above), in and of itself, is not a protected activity. 28 C.F.R. § 35.105(a) simply instructs a public entity to "evaluate its current services, policies, and practices" and "make the necessary modifications"—it sounds as a prophylactic

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

11

measure and there is no "act or practice made unlawful" being "opposed." 42 U.S.C. § 12203. In addition, Plaintiff's activities which he alleges triggered the 28 C.F.R. § 35.105(a) self-evaluation process are not "protected activities." Plaintiff's Letter simply expressed concern that a *proposed* rule of professional conduct—which had yet to take effect—violated Title II and other provisions of the ADA. *See* Am. Compl., Ex. 1. Accordingly, it too does not oppose an existing "act or practice made unlawful" by the ADA. 42 U.S.C. § 12203. Thus, Plaintiff has also failed to allege that he engaged in a "statutorily protected expression."

Finally, although the above-identified grounds are each sufficient to dismiss Plaintiff's claims, the Court also notes an additional deficiency: Plaintiff has not plausibly alleged that the adverse action he allegedly suffered—dismissal from Northwestern—was "causally related" to his alleged protected expression—forwarding his Letter and initiating a 28 C.F.R. § 35.105(a) self-evaluation process. Plaintiff alleges that "State Bar discovered that Plaintiff was a law student and in its regulatory capacity directed [Northwestern] to dismiss him." Am. Compl. ¶ 10. However, this, by itself, is not enough to plausibly allege causation. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Plaintiff makes the bare assertion that "State Bar . . . directed . . . [Northwestern]," without alleging any facts that would make this plausible, such as whether State Bar had any awareness of Plaintiff's Letter or the fact that Plaintiff sent it to the State Legislature (without which, it would be logically impossible for State Bar to have retaliated), whether State Bar and Northwestern had a sufficiently close relationship such that State Bar could have "directed" Northwestern, or whether there were particular interactions between State Bar and Northwestern that would connect State Bar to Plaintiff's actual dismissal. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision.") (citing *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986).

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
12

1   As such, Plaintiff's allegation is pure speculation. Thus, for this reason as well, Plaintiff has failed
2   to plead a claim for retaliation.

3   In sum, Plaintiff has failed to adequately plead a retaliation claim. For this reason, his
4   retaliation claim is DISMISSED WTH PREJUDICE. Further, because at least Plaintiff's theory
5   that "he engaged in a statutorily protected expression" fails as a matter of law and there are no
6   facts that Plaintiff could allege that could cure this deficiency, Plaintiff's claim will be dismissed
7   WITHOUT LEAVE TO AMEND. *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A
8   motion for leave to amend may be denied if it appears to be futile or legally insufficient").

### iii. Due Process (Claim 2)

To state a procedural due process claim, a plaintiff must allege the existence of "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (internal quotation marks and citation omitted).

Plaintiff has failed to state a due process violation. First, Plaintiff has failed to plausibly allege that he has a liberty or property interest protected by the Constitution. In his Amended Complaint, he alleges that he had a "vested property interest in practicing the profession of his choice." Am. Compl. ¶ 11. However, there is no fundamental right to practice law. *Giannini v. Real*, 911 F.2d at 358. Accordingly, there is no Constitutionally-protected property or liberty interest of which Plaintiff has been deprived.

Second, Plaintiff's due process claim against Northwestern fails for the additional reason that Northwestern is a private actor. As stated above, a due process claim requires a "deprivation . . . by the government." *Shanks*, 540 F.3d at 1090. Accordingly, Plaintiff cannot sustain a due process claim against Northwestern.

In sum, Plaintiff has failed to adequately plead a due process claim. For this reason, his due process claim is DISMISSED WITH PREJUDICE. Further, because his due process theory turns on a legally inadequate "liberty or property interest" and there are no additional facts that

Case No.: 5:18-cv-00826-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff could allege that could cure this deficiency, Plaintiff's claim will be dismissed WITHOUT LEAVE TO AMEND. *Miller*, 845 F.2d at 214.

### C. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 24)

Because both of Plaintiff's claims are dismissed, the Court need not reach Plaintiff's summary judgment motion. Plaintiff's motion is DENIED WITHOUT PREJUDICE.

## IV. ORDER

For the foregoing reasons, Defendants' motions to dismiss (Dkt. Nos. 16 and 18) are GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE, WITHOUT LEAVE TO AMEND. Plaintiff's motion for partial summary judgment (Dkt. No. 24) is DENIED WITHOUT PREJUDICE. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 6, 2018

EDWARD J. DAVILA
United States District Judge