UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL H. VARTANIAN,

        Plaintiff,

   v.

THE STATE BAR OF CALIFORNIA, et al.,

        Defendants.

Case No. 5:18-cv-00826-EJD

**ORDER DENYING MOTION FOR RECONSIDERATION**

Re: Dkt. No. 43

     Plaintiff Michael Vartanian ("Plaintiff") sued The State Bar of California ("State Bar") and Northwestern California University School of Law ("Northwestern") (collectively "Defendants") pro se alleging that Defendants retaliated against him in violation of 42 U.S.C. § 12203 of the American with Disabilities Act ("ADA") and deprived him of procedural due process. Amended Complaint ("Am. Compl."), Dkt. No. 5. On June 6, 2018, the Court dismissed this action against the State Bar under Federal Rule of Civil Procedure 12(b)(1) because the State Bar was entitled to Eleventh Amendment immunity, and under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to plausibly allege retaliation or due process claims against Northwestern. Order Granting Defendants' Motions to Dismiss and Denying Plaintiff's Motion for Partial Summary Judgment ("Dismissal Order"), Dkt. No. 39. In both cases, the Court determined that leave to amend would be futile, and did not permit Plaintiff to amend his complaint. *Id*.

     Plaintiff now moves pursuant to Federal Rule of Civil Procedure 59(e) for the Court to reconsider its Dismissal Order. Motion for Reconsideration ("Mot."), Dkt. No. 44. Plaintiff moves on two grounds: First, Plaintiff argues that there is a newly-discovered intervening change

in the controlling law because, on May 10, 2018, the California Supreme Court denied State Bar's request to approve Proposed Rule of Professional Conduct 1.14.[1]  Mot. 3-5.  Second, Plaintiff contends that the Court committed a manifest error of law because it incorrectly determined that Plaintiff had not engaged in "protected activity."  *Id*. 5-7.  After carefully considering Plaintiff's arguments, the Court concludes that he is not entitled to Rule 59(e) reconsideration on either basis.

"Rule 59(e) permits a district court to reconsider and amend a previous order."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  However, it is an "extraordinarily remedy" which "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Id*. (citations and internal quotation marks omitted).  "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Id*. (emphasis in original).

Plaintiff's first basis for seeking Rule 59(e) reconsideration is that there has been a newly-discovered intervening change in the controlling law because, on May 10, 2018, the California Supreme Court denied State Bar's request to approve Proposed Rule of Professional Conduct 1.14. Mot. 2-5.  As the Court summarized in its Dismissal Order,

> Plaintiff's theory of retaliation is that, by sending a copy of his Letter[2] (which expressed that Proposed Rule 1.14 did not comply with Title II and other ADA provisions) to the California State Supreme Court and the California State Legislature, he initiated a [28 C.F.R. §] 35.105 proceeding against State Bar, and the State Bar retaliated by directing Northwestern to dismiss him from law school.

Dismissal Order 9.  In the instant motion, Plaintiff argues that the California Supreme Court's May 10 decision rejecting Proposed Rule 1.14 confirms that his Letter correctly identified that

---

[1] Proposed Rule of Professional Conduct 1.14, "Client with Diminished Capacity," related to a lawyer's abilities to act on behalf of a client with significantly diminished capacity.  *See* Am. Compl., Ex. 1, Dkt. No. 5-1.

[2] According to Plaintiff's Amended Complaint, he, on September 11, 2017, submitted a letter ("Letter") to the California Supreme Court expressing that Proposed Rule 1.14 failed to comply with Title II of the ADA and related amendments.  Am. Compl., Ex. 1, Dkt. No. 5-1.  Plaintiff alleged that he forwarded this Letter to the California State Legislature.  Am. Compl. ¶ 9.

Proposed Rule 1.14 did not comply with the ADA, which in turn establishes that he engaged in protected activity by forwarding it to the California Supreme Court and the California State Legislature. Mot. 3-5.

Plaintiff is not entitled to Rule 59(e) reconsideration on this basis for several reasons. First, this is not "newly discovered" evidence or an "intervening" change in law. *Kona Enterprises*, 229 F.3d at 890. The California Supreme Court issued its decision on May 10, 2018, two weeks before the scheduled hearing on Plaintiff's and Defendants' motions, and this ruling was posted publicly on its website. Plaintiff could have brought this to the Court's attention well before it issued its rulings. Second, this is not a "change" in "controlling law." The California Supreme Court simply ruled on a proposed rule of professional conduct. Presumably, the California Supreme Court applied the same law that existed at the time the Court considered the parties' motions (including, for example, Title II of the ADA),[3] and its ruling on Proposed Rule 1.14 did not change this.

Finally, even if the California Supreme Court's ruling does in fact qualify as some kind of "newly discovered" evidence or an "intervening" "change" in law (it does not), its ruling does not change the outcome of the Court's Dismissal Order. The Court dismissed Plaintiff's claims against State Bar because it was entitled to Eleventh Amendment immunity. The fact that the California Supreme Court actually rejected Proposed Rule 1.14 does not change the Court's conclusion that "any potential deficiency in regulating the relationship between private individuals is substantially different from infringing the 'fundamental right of access to the courts,'" and thus, Congress has not abrogated Eleventh Amendment immunity for Plaintiff's claim. Dismissal Order 4 (quoting *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004)). The Court dismissed Plaintiff's retaliation claim against Northwestern because (1) it was legally impossible that *Plaintiff* triggered a 28 C.F.R. § 35.105(a) self-evaluation process (and thus "engaged" in protected activity); (2) even if it was the case that Plaintiff could have triggered a self-evaluation process, he did not,

---

[3] The California Supreme Court's order does not explain why Proposed Rule 1.14 was denied.

as a matter of law, engage in "protected activity;" and (3) Plaintiff did not plausibly allege causation. Dismissal Order 11-13. The California Supreme Court's rejection of Proposed Rule 1.14 is not even remotely related to the first and third reasons, which alone means that it does not change the Court's decision.[4] It also does not have any bearing on the Court's second reason because, even assuming this rejection means that the California Supreme Court ultimately agreed with Plaintiff that Proposed Rule 1.14 should not be adopted (although there is no way to know this, as the California Supreme Court did not explain why it rejected the rule), this does not change the Court's assessment of Plaintiff's underlying legal theory (i.e., that opposing a *proposed* rule of professional conduct was "protected activity"). Accordingly, for all these reasons, Plaintiff's discovery of the California Supreme Court's rejection of Proposed Rule 1.14 does not entitle him to Rule 59(e) reconsideration.

Plaintiff's second basis for seeking Rule 59(e) reconsideration is that the Court committed a manifest error of law because engaging in "protected activity" only requires that a person reasonably believe that she is opposing conduct that violated the ADA, not that the person is opposing conduct that actually violates the ADA. Mot. 5-7. Plaintiff argues that, when he wrote and forwarded the Letter, he had an objectively reasonable belief that the State Bar's attempt to enact Proposed Rule 1.14 amounted to a violation of the ADA, and that the Court should find he was engaging in "protected conduct" on that basis. *Id.*

Plaintiff's arguments are unpersuasive. Plaintiff is correct that reasonable belief that a practice is unlawful, whether or not it is actually unlawful, suffices in a retaliation claim. *See, e.g.*, *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 506 (9th Cir. 2000) ("Title VII allows employees to freely report actions that they reasonably believe are discriminatory, even if those actions are in fact lawful."). However, while the Court did not cite this line of cases in its Dismissal Order, this point of law is not inconsistent with the Court's reasoning nor does it change

---

[4] As the Court explained in its Dismissal Order, amendment would be futile with respect to at least Plaintiff's theory that "he engaged in a statutorily protected expression," which includes the first reason. Thus, the California Supreme Court's rejection of Proposed Rule 1.14 also does not change the Court's decision to deny leave to amend.

Case No.: 5:18-cv-00826-EJD
ORDER DENYING MOTION FOR RECONSIDERATION
4

the conclusion it reached. Plaintiff could not have had an objectively reasonable belief that the State Bar's submission of Proposed Rule 1.14 violated the ADA. Proposing a rule is, in and of itself, a substantively neutral act. In addition, it is merely a proposal—it was not an actual rule or policy that had been implemented, and there were no discriminatory "acts or practices" that had been committed pursuant to it. Accordingly, whether or not Plaintiff's theory was based on opposition of an actual ADA violation or something that Plaintiff reasonably believed violated the ADA, the Court's conclusion that Plaintiff did not engage in "protected activity" is consistent with applicable law.

In sum, Plaintiff has failed to establish that the California Supreme Court's rejection of Proposed Rule 1.14 amounted to "newly discovered" evidence or an "intervening" "change" in the controlling law, or that the Court "committed clear error." As such, he is not entitled to reconsideration under Rule 59(e). His motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 27, 2018

EDWARD J. DAVILA
United States District Judge